9845

WOODROW v. LILLARD.

(94 S. E. 1047.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—APPOINTMENT OF RECEIVER—EVIDENCE.—On a motion for the appointment of a reeciver, in supplementary proceedings to take charge of the property and income of the defendants, evidence, as to the property of the defendants, the incumbrances thereon, and the use being made of the income therefrom, *held*, not to sustain an order denying the motion.

Before SMITH, J., Richland, Summer term, 1917. Reversed.

Action by James Woodrow, trustee, against John W. Lillard and another. From an order denying a motion for the appointment of a receiver in supplementary proceedings, plaintiff appeals.

The brief of the evidence, mentioned in the opinion, was as follows:

John W. Lillard, examined in supplemental proceedings on March 2d, testified as follows:

James Woodrow, trustee, bought a mortgage I had made to Dr. Owens, and obtained a judgment against me on it. No part of this judgment has been paid. I own a piece of real estate, Nos. 1318-1320 Taylor street, in the city of Columbia, which is 32½ feet front, by 150 feet deep. It has a brick building on it, containing two stores and an apartment house. Mortgages on this property aggregate about $18,000. These mortgages were bought up by the Union National Bank for me, and are assigned to it as collateral to my note for something over $17,000. Interest on that note is being paid monthly.

I own no other real estate. The property I did own on Pickens street, my home, was sold to my wife in December, 1913. It is 50 or 52 feet front, by 141 feet deep. Has ten-room house on it. Has a first mortgage on it for $7,500 to Atlantic Life Insurance Company, on which $300 of

principal has been paid. I am paying the interest. My wife gave a second mortgage on it to Atlantic Life Insurance Company, for $4,000. I pay the interest on that. The principal is unpaid. When I deeded the home to her she assumed the mortgage of $7,500. That was all that she paid. I have paid the interest ever since.

The $4,000 second mortgage was used to form the capital stock of the Fiduciary and Security Corporation, which is in the insurance business. I am manager of it. It finances the life insurance end of the business in addition to carrying on a fire insurance business. I own 1 share of the capital stock of the value of $10. My brother-in-law owns 1 share of the value of $10. The balance of the capital stock of $4,000 is owned by my wife, but the certificates have never been torn out of the book. This corporation pays me a salary of $100 a month. The three stockholders are the directors. My brother-in-law, Mr. Strange, is paid a salary of $100 a month, and gives his time to this business.

Apartment House Company owns a lot on Calhoun street, between Sumter and Main streets, about 50 feet front, two stores and an apartment house. Mortgage on this to Atlantic Life Insurance Company for $6,000. The Apartment House Company was formed by H. A. Taylor, myself and Mr. Strange. Capital stock was made up of the equity in three different pieces of property transferred to it, subject to mortgages. Other pieces were foreclosed, and did not bring enough to pay the mortgages.

Besides the mortgage to Atlantic Life Insurance Company, there is another mortgage for the principal sum of $1,950. I pay the interest on the $6,000 mortgage out of the proceeds of the rent as far as it will go. The balance I pay out of my own pocket.

There is another piece of property in the name of myself and H. A. Taylor, on lower Main street, which is now being foreclosed. It has on it mortgages aggregating $16,000.

I am general agent of Atlantic Life Insurance Company, having a territory covering 24 or 25 counties in this State. Am actively engaged in writing insurance myself, as well as through subagents. From memory would say that I have personally written approximately from $30,000 to $35,000 insurance since the 1st of January. I have what is called a 60 per cent. graded contract.

Ten shares of the capital stock of Union National Bank stand in my name. Seventy shares stand in the name of my wife. I have indebtedness against the 10 shares of $1,000, and interest since April 1, 1916, to M. B. Trull. My wife acquired her stock from me. I do not remember the date. She paid nothing for it. There was and still is indebtedness against it of $7,000, $4,000 to Carolina National Bank of Darlington, and $3,000 to Atlantic Life Insurance Company. I pay the interest on her notes for these debts.

My approximate income per month from life insurance business is between $400 and $500. I have 1 share of stock in Equitable Building and Loan Association. Five shares in the Union Building and Investment Company; 2 shares in the Boyd Chemical Company. All of these are assigned as security to note to Jas. A. Carlisle, trustee. I then have 3 shares of stock in Boyd Chemical Company, and 1 share in Fiduciary and Security Corporation. Boyd Chemical Company failed to collect its accounts, and its assets are doubtful. The par value of the stock of this company was $100 per share. Union Building and Investment Company was organized for building and investment purposes. C. H. Baldwin, president. I am secretary and treasurer. Capital stock eventually to be $400,000. Like a building and loan association. Have paid in on my 5 shares $345. Total of capital stock paid in, $46,000. Am keeping my payments up. Stock will be worth $200 per share on maturity, provided assets will bring it. Share of stock in Equitable Building and Loan Company will be worth $200 on matu-

rity. It has been running about eight years. I owe Mr. Carlisle from $300 to $400.

I carry $30,000 life insurance. Some of it I have been carrying for 12 or 13 years. It costs me approximately $553 per year to carry this insurance. Small amount of it terminated in 20 years. I would not know how to designate my homestead in real estate without some consideration. My affairs are so involved. I have household furniture at my home.. Carry total of $2,000 insurance on it. All this insurance is in my name. Tax returns in my name. Part of this furniture is my wife's; she acquired it from time to time. It was paid for by me and given to her. Insurance and taxes have always been carried in my name. I have paid the interest on the mortgages mentioned above and on the notes where collateral is up for myself and my wife, and have kept it up until now. My salary from the corporation is $100 per month; my income from my own insurance business is approximately $400 to $500. All my life insurance is payable to my wife and I keep up the premiums.

I have looked up a list of the insurance written by myself this year, and it does not amount to as much as I thought. Total $23,000 with $549.38 of premiums, on which my commissions are $301.60. In addition to that subagents have written about $10,000. I get an over-writing commission of 10 per cent. on the premiums for this. My assets are not sufficient to pay my debts, and I have realized this for probably a year or more.

The following are the plaintiff's exceptions:

The plaintiff herein excepts to the order of his Honor, Mendel L. Smith, presiding Judge, dated May 24, 1917, upon the following grounds, to wit:

1. That his Honor erred in refusing the plaintiff's motion for the appointment of a receiver to take charge of the property, effects, and income of the defendants, and to col-

lect and receive said property, effects, and incomes, because the examination in this case showed:

(a) That the said defendants had a considerable amount of property, and that said defendants were not applying any of said property to the payment of the debt and judgment of the plaintiff.

(b) Said examination showed that the said property and effects of the defendants could only be justly and equitably administered by a receiver under the orders of the Court.

(c) Said examination showed that the defendants had transferred to his wife, without value, a considerable amount of valuable property and the said defendant is using and applying his own income to the use, benefit, and protection of such·property so transferred to his wife, and the same should be taken charge of and administered by a receiver.

(d) Said examination showed that the defendants were diverting their own income and assets for the uses and benefits of the wife of the defendant, Lillard, and of her creditors, and away from the creditors of said defendants.

*Mr. J. B. Murphy* and *D. W. Robinson,* for appellant. The latter cites: Code of Procedure, sec. 356; Black on Receivers (Alderson's ed.), sec. 628; 21 Enc. of Pl. & Pr. 186; 92 N. C. 380; High on Receivers 400, *et seq.,* and notes; Code of Procedure 494; 42 S. C. 355-6; 52 S. C. 189-90; 31 S. E. 351; 123 N. C. 357.

*Mr. Robert Moorman,* for respondent, cites: Code of Laws 1912, sec. 272; Black on Receivers, p. 671, sec. 629; Code of Procedure, sec. 355; 34 Cyc. 191; 42 S. C. 358; 51 S. C. 100; 24 S. C. 29; 27 S. C. 425; 47 S. C. 137; 49 S. C. 57; Edwards on Receivers, p. 370; 22 S. C. 584; Code of Procedure, sec. 349; 32 S. C. 264; 17 Cyc. 1415; 19 S. C. 473.

January 7, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appeared in the record:

"This was a motion before his Honor, Mendel L. Smith, Judge, for the appointment of a receiver in supplementary proceedings, to take charge of the property, effects and income of the defendants, and to collect and receive the property, effects and income of the defendants. A judgment was rendered in the case as above entitled on February 8, 1916, in favor of James Woodrow, as trustee, for Mrs. Kate W. Woodrow, against John W. Lillard, and Apartment House Company of Columbia, S. C., for $1,168.01, together with interest from that date and costs. This judgment was duly entered on judgment docket of Richland county, on the same date, and appears as judgment roll No. 11849. An execution was issued on this judgment on March 13, 1916, to the sheriff of Richland county, and was subsequently returned by said sheriff unsatisfied, marked *nulla bona.* Subsequently thereto, upon affidavit setting forth these facts, and also that the judgment debtors had property which they failed and unjustly refused to apply to the payment of the judgment debt, an order was made by Judge DeVore, February 21, 1917, requiring the defendant, John W. Lillard, and the defendant, Apartment House Company, by its secretary, to appear before the master of Richland county, who was appointed special referee, for the purpose of being examined and answering such matters as might be asked them touching their property. In pursuance of this order, and of the service on the defendants, the said defendant, John W. Lillard, who is also the secretary of the Apartment House Company, appeared and was examined."

The record contains a brief of the evidence, which will be reported. His Honor, Judge Mendel L. Smith, by a formal order, refused the motion, and the plaintiff appealed, upon exceptions which will also be reported.

The testimony does not sustain the order of his Honor, the Circuit Judge, and the exceptions must be sustained. It is not necessary to cite authorities to sustain this conclusion. Reversed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur.

MR. JUSTICE HYDRICK did not sit in this case.